IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS SCOTT GREEN,

      Petitioner,

v.                                                             No. Civ. 03-1348 RB/RHS

PATRICK SNEDEKER, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. Petitioner, who is incarcerated and proceeding *pro se*, brings this federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner is confined pursuant to the "Judgment, Order and Commitment to the Corrections Department" of the District Court for the Third Judicial District, Dona Ana County, New Mexico. (Ex. A attached to Respondent's Answer to the Application for Writ of Habeas Corpus ("Answer")[1], filed Dec. 29, 2003 **[Doc. 9]**). Following a jury trial, Petitioner was convicted on September 22, 2000 of one count of trafficking a controlled substance. (Id.) After applying an enhancement pursuant to the habitual offender statute, the state court sentenced Petitioner to "a total term of thirteen (13) years in the custody of the New Mexico Corrections Department to be followed by two (2) years of parole." (Id. at 2).

    2. Petitioner's conviction was affirmed on direct appeal and his petition to the New Mexico Supreme Court seeking a writ of certiorari was summarily denied. (See Exs. J-L). Petitioner filed a petition for writ of habeas corpus in state district court, which was also denied. (See Exs. N, O). The New Mexico Supreme Court summarily denied his petition for a writ of

---

[1] All exhibits referenced in this document are attached to the Answer, unless otherwise indicated.

certiorari. (See Ex. Q).

    3. On November 24, 2003, petitioner filed the instant application for a writ of habeas corpus in this Court raising the following grounds:[2]

> I. The prosecution failed to disclose evidence favorable to Petitioner;
>
> II. Petitioner's conviction was obtained by the use of evidence obtained pursuant to a series of unlawful searches and illegal seizure;
>
> III. Petitioner received ineffective assistance of counsel, in that: (1) counsel failed to challenge defendant's unlawful detention and improper parole revocation, and (2) counsel became so distressed during trial as a result of comments made by the trial judge that counsel asserted an inability to effectively represent defendant;
>
> and
>
> IV. Petitioner's conviction was obtained by the prosecution's knowing use of perjurious witness testimony.

Respondent filed an answer to Petitioner's application in which he conceded that Petitioner has exhausted his state remedies. (See Answer at 2). In his brief on the merits of Petitioner's application, Respondent points out that Petitioner did not acknowledge his burden under the AEDPA [Antiterrorism and Effective Death Penalty Act] and argues that "this Court would be well within its powers under the Act to dismiss his application with prejudice for this failure to discuss AEDPA, its standards, and their application." (Respondent's Memorandum Brief in Answer to the Application for Writ of Habeas Corpus ("Respondent's Brief") at 5, filed Jun. 1, 2005 **[Doc. 21]**). Respondent offers no explanation and cites to no authority whatsoever in

---

    [2]In his application, Petitioner numbered his claims one through five. For the sake of clarity, Petitioner's grounds are consolidated and set forth as in "Petitioner's Response Brief in Opposition to Respondent's Brief on the Merits for a Writ of Habeas Corpus," filed August 3, 2005 **[Doc. 24]**.

support of this proposition.³ Moreover, the Court is not aware of any authority that would support a dismissal of Petitioner's application on this basis.⁴ Accordingly, the Court finds that Respondent's argument for dismissal on this basis has no merit.

    4. AEDPA provides that where a state court has adjudicated a claim on the merits, a petitioner is entitled to habeas relief in federal court "only if he can establish that the state court decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Gipson v. Jordan, 376 F.3d 1193, 1195-96 (10th Cir. 2004) (quoting 28 U.S.C. § 2254(d)(1), (2)) (internal quotation marks omitted). If the state court did not reach the merits of a claim, and the claim is not otherwise procedurally barred, AEDPA deference does not apply and this Court addresses the claim *de novo*. See id. at 1196 (citing Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999).⁵

## Ground I

---

    ³The Court prefers that a party cite the authority on which he relies for a given proposition or legal argument. See, e.g., D.N.M.LR-Civ. 7.5(a) (providing that a "motion, response or reply must cite authority in support of the legal positions advanced").

    ⁴The Court notes that while an advocate is "not required to make a disinterested exposition of the law," a lawyer who knowingly makes a false statement of law to a tribunal violates his duty of candor under the Rules of Professional Conduct. See NMRA 16-303(A)(1) & ABA Comment to Model Rules (Misleading Legal Argument); see also D.N.M.LR-Civ. 83.9 (amended 11/18/05) (applying New Mexico's Rules of Professional Conduct and the New Mexico Bench and Bar's creed of professionalism for lawyers).

    ⁵The Tenth Circuit has held that a state court reaches a decision on the merits where "there is no indication suggesting that the state court did *not* reach the merits of a claim, . . . even when it fails either to mention the federal basis for the claim or cite any state or federal law in support of its conclusion." Id. (citing Aycox, 196 F.3d at 1177).

3

5. Petitioner apparently contends that the prosecution failed to disclose materials favorable to his defense by failing "to provide documented papers & Jencks act material .. that .. defendant could rely upon to impeach the dishonest & untruthful testimonies of the gov[ernmen]t officers & affect the credibility of the subornated key witness." (Petition at 9). In Brady v. Maryland, 373 U.S. 83 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment irrespective of the good faith or bad faith of the prosecution." Id. at 87. To establish such a violation, "a habeas petitioner must show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." Snow v. Sirmons, 474 F.3d 693, 711 (10th Cir. 2007) (citations and internal quotation marks omitted). Exculpatory evidence "is only material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."[6] Id. (citations and internal quotation marks omitted).

6. Petitioner alleges that he was not provided with "witness statements, affidavits, court orders, warrants, return order & proper seals issuing" in support of the criminal investigation. (Petition at 9). The Court agrees with Respondent that Petitioner fails to "specify exactly what materials were denied to him by the prosecutor and [further fails to] . . . show how the materials would have change[d] the result of the trial." (State Brief at 6). Petitioner's mere assertion that the denial of a broad range of materials have deprived him of a fair trial is insufficient to meet the

---

[6]"The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Snow, 474 F.3d at 711 (quoting Kyles v. Whitley, 514 U.S. 419, 434 (1995) (other citations omitted)).

due process standard set forth above. See, e.g., Anderson v. United States, 367 F.2d 553, 554 (10th Cir. 1966) (explaining that general conclusory allegations of ineffective assistance of counsel "impose no obligation upon the trial court to conduct a hearing") (citation omitted).

7. Petitioner does not appear to argue that the prosecution improperly failed to disclose the sealed sentencing hearing of Peter Vargas that was conducted in federal district court. To the extent that Petitioner does raise this argument, the New Mexico Court of Appeals considered and rejected such a claim on the basis of state law.[7] Moreover, this Court has reviewed the sentencing transcript of Mr. Vargas and finds that Petitioner does not meet his burden of establishing that the non-disclosure of the transcript constituted a due process violation according to the standards set forth in Brady. The Court concludes that relief on the basis of Ground I should be denied.

### Ground II

8. Petitioner alleges that his conviction resulted from the use of evidence obtained pursuant to a series of unlawful searches and an illegal seizure. Petitioner asserts that "[t]he State's evidence introduced prior to trial & during trial is made up of false & fraudulent investigative reports, illegal wiretaps & unwarranted electronic surveillance tape recordings & unauthenticated & uncertified transcriptions." (Petition at 6). Petitioner also claims that the government "relied on a pretext arrest disguised as an unwarranted parole violation contrary to Mr. Green's" rights. (Petition at 7).

---

[7]The New Mexico Court of Appeals concluded that the state trial court "did not abuse its discretion in striking the balance required by [NM] Rule 5-501(F)(2) in favor of not disclosing" the transcript. (Memorandum Opinion at 2-3, Ex. J). "Rule 5-501(F)(2) NMRA 2001 provides that the State need not disclose material it would ordinarily be obligated to provide to the defense if there is substantial risk to some person of physical harm, intimidation, bribery, economic reprisals or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to defense counsel." (Id. at 2 (citing Rule 5-501(F)(2)).

9. Respondent states that Petitioner did not raise these claims on direct appeal, but "did raise them in his state habeas corpus proceedings." (Respondent's Brief at 5 (citing Exs. C, N)). Nevertheless, despite the state court's consideration of these claims[8] and Respondent's concession that Petitioner's claims have been exhausted,[9] Respondent also asserts that Petitioner's claims are procedurally defaulted and exhorts the Court "not [to] consider these defaulted claims." (Respondent's Brief at 5). While Respondent's argument is puzzling, the Court need not address whether Petitioner's claims are procedurally defaulted because Petitioner's claims otherwise fail.

10. Construed liberally, Petitioner's allegations with respect to Ground II are difficult, if not impossible to fathom. Petitioner lists a variety of items, documents, testimony and evidence,[10] without discussing how the presence or absence of such "evidence" violated his rights or adversely affected his trial.[11] Petitioner also contends that "[o]n 2-25-2000 during a prelim[inary]

---

[8] The New Mexico state district court, "having reviewed the defendant's *pro se* petition for writ of *habeas corpus*, [found that his] . . . . allegations of impropriety by state and federal law enforcement officers are insufficient as a matter of law to support a claim for post-conviction relief." (Order Denying Petition for *Habeas Corpus*, Ex. O).

[9] (See Answer at 2).

[10] In his application, Petitioner lists "A white powdery substance that was retrieved from the FBI's informant's residence. No marked currency, no expert documentation pertaining to defendant's fingerprints on a container or plastic bag. A photograph of a [illegible]-yellowish substance in a clear plastic bag, a photo of a black truck existing [sic] a trailer court with an unidentifiable driver. A subornated non police witness & his perjurious testimony against defendant. One affidavit of S/A Rominger, FBI [illegible] claims he made a payment of 1500.00, Oct. 1999 to Peter Vargas for his cooperation & testimony against defendant . . . . The FBI witness had entered a plea agreement . . . . Peter Vargas falsely alleges a drug transaction or undercover drug purchase . . . on 2-4-99." (Petition at 6 & attachment).

[11] To the extent that Petitioner attempts to argue that evidence was introduced in violation of the exclusionary rule, the Court notes "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was

parole revocation hearing of Mr. Green, S/A Rominger & LCPD De La O refused to present their evidence & evaded cross-examination and confrontation in regards to their criminal investigation & seizure of Douglas Green, which may constitute a[n] . . . obstruction of justice." (Petition at 7). However, even assuming the truth of this contention, it is unclear how these individuals' allegedly improper conduct at a parole revocation hearing adversely affected Petitioner's criminal trial which occurred approximately seven months later. Thus, Ground II fails in that Petitioner does not allege a coherent, viable claim that is cognizable under § 2254.

11. Finally, Petitioner's conclusory allegations fail to establish impropriety with respect to the presence or absence of any particular evidence. Petitioner's assertions that a given witness's testimony was "perjurious" or "suborned" are insufficient to establish a due process violation. A review of the trial transcript shows that all of the individuals listed in Ground II testified at Petitioner's criminal trial and were cross-examined by defense counsel. Peter Vargas' plea agreement and receipt of $1,500. was disclosed to the jury and defense counsel had ample opportunity to bring out any existence of bias. (See Transcript of Proceedings ("Trial Transcript") (Vol. II of III) at 296, 356). Veracity of a witness is properly tested by cross-examination and is determined by a properly instructed jury. Hoffa v. United States, 385 U.S. 293, 311 (1966); see also United States v. Gomez, 810 F.2d 947, 596-57 (10th Cir.).

12. Whether the state court's decision is afforded deference, or whether Petitioner's claims are considered *de novo*, this Court reaches the same conclusion. Petitioner's claims in Ground II are without merit and relief on this basis should be denied.

### Ground IV

---

introduced at his trial." Stone v. Powell, 428 U.S. 465, 494 (1976) (footnotes and citations omitted).

13. Petitioner contends in Ground IV that his conviction was secured by the prosecution's knowing use of "the falsely obtained [and] perjurious testimony of Peter Vargas, . . . [and] S/A Rominger's unauthorized witness against Mr. Green." (Petition at attachment immediately subsequent to 10). Here, Petitioner repeats many of the allegations set forth above. However, Petitioner's primary argument in this ground is that Peter Vargas falsely testified that he purchased cocaine from Petitioner in February of 1999. Petitioner also contends that S/A Rominger was "an unauthorized witness[,]" and that Mr. Vargas' "perjurious testimony [was] . . . corroborated by false, inconsistent, contradictory & evasive testimonies of four special agents of the FBI and two task force officers." (Id.)

14. The New Mexico state district court considered and rejected Petitioner's claim that the prosecution knowingly used perjured testimony, concluding that his "allegations of impropriety by state and federal law enforcement officers are insufficient as a matter of law to support a claim for post-conviction relief." (Order Denying Petition for *Habeas Corpus*, Ex. O). Although the state court did not set forth the reasoning underlying its summary denial, this Court "owe[s] deference to the state court's result, even if its reasoning is not expressly stated." Aycox, 196 F.3d at 1177 (10th Cir. 1999).[12] Based on its independent review of the record and pertinent federal law, this Court concludes that the state court's decision does not appear to be legally or factually unreasonable.

15. As previously discussed, Petitioner's conclusory allegations as to whether a given

---

[12]Faced with the state court's summary disposition, this Court must conduct an "independent review" (as distinguished from a full *de novo* review) of the record and pertinent federal law to determine whether to uphold the state court's decision. See Aycox, 196 at 1178 (citing Delgado v. Lewis, 181 F.3d 1087, 1091 n. 3 (9th Cir. 1999)).

witness falsely testified at trial are insufficient to establish a due process violation. See McBride v. US, 446 F.2d 229, 232 (10th Cir.1971) (explaining that a petitioner is not entitled to habeas relief based on conclusory allegations of perjury). Both Mr. Vargas and Mr. Rominger testified at trial and were cross-examined by defense counsel. The jury was properly instructed and had the opportunity to consider the testimony and evaluate the credibility of the witnesses. (See Instruction No. 6, Record Proper at 000129).

16. "Contradictions and changes in a witness's testimony alone do not constitute perjury and do not create an inference, let alone prove, that the prosecution knowingly presented perjured testimony." Tapia v. Tansy, 926 F.2d 1554, 1563 (10th Cir. 1991). Moreover, Petitioner's allegations do not establish, nor does the record reveal, that the prosecution knowingly secured such testimony. The Court finds that relief on the basis of Ground IV should be denied.

## Ground III

17. Petitioner contends that he received ineffective assistance of counsel on two bases:

> (1) counsel failed to challenge defendant's unlawful detention and improper parole revocation, and (2) counsel became so distressed during trial as a result of comments made by the trial judge that counsel was unable to effectively represent defendant.

The New Mexico state district court considered and rejected Petitioner's claim of ineffective assistance, concluding that his "allegations against counsel do not rise to the level of ineffectiveness." (Order Denying Petition for *Habeas Corpus*, Ex. O).[13] After reviewing Petitioner's ineffective assistance claim, this Court reaches the same conclusion regardless of

---

[13] Given the state court's summary denial, this Court must conduct an independent review of the record and relevant federal law and afford deference to the state court's decision in accordance with the guidance set forth in Aycox. (See Ground IV discussion, supra).

9

whether the claim is considered *de novo* or whether the state court's decision is afforded AEDPA deference.

18. In order to demonstrate that he received ineffective assistance of counsel, Petitioner must show that: (1) counsel's representation fell below the objective standards of "reasonableness under prevailing professional norms" considering all circumstances; and (2) actual prejudice resulted from the inadequate legal representation. Strickland v. Washington, 466 U.S. 668 (1984), accord Rogers v. United States, 91 F.3d 1388, 1391 (10th Cir. 1996). This analysis requires an evaluation of the reliability of the overall trial process rather than simply an outcome determination in order to determine whether actual prejudice occurred. Lockhart v. Fretwell, 506 U.S. 364 (1993). A strong presumption exists favoring the reasonableness of counsel's conduct. United States v. Owens, 882 F.2d 1493, 1501 (10th Cir. 1989).

19. Petitioner apparently alleges that his counsel was ineffective because he failed to challenge his unlawful detention and improper parole revocation. In support of this argument, Petitioner reasserts his allegation in Ground I that the government failed to disclose material evidence and impeachment material, and his allegation in Ground II that he was subjected to unlawful search and seizure. To the extent that Petitioner's ineffective assistance claim rests on the allegations raised in Grounds I and II, it should be denied for the same reasons.

20. Petitioner also alleges that counsel was "obstructed and interfered with on numerous proceedings." (Petition at attachment, Claim Five). Petitioner cites two examples, alleging that: (1) officers "refused to introduce their evidence & proper documentation to support their criminal investigation & seizure of" Petitioner during a parole revocation hearing in February of 2000, and (2) New Mexico Deputy Assistant Susan Reidel obstructed counsel's interview of Peter Vargas

"by instructing the witness not to answer questions" regarding the installation of electronic surveillance equipment and his federal sentencing hearing of August 30, 1999. (Id.) However, Petitioner's allegations fail to show that counsel's conduct was objectively unreasonable under the circumstances or that actual prejudice resulted from counsel's alleged ineffectiveness. Accordingly, Petitioner's claim of ineffective assistance of counsel on this basis should be denied.

21. Petitioner further claims that counsel was ineffective because he was distressed as a result of comments made by the trial judge during Petitioner's trial. Specifically, Petitioner alleges that "[o]n the third day of trial . . . a conflict of interest arose between trial judge Robert Robles & def[ense] counsel, unrelated to the case being tried, which denied defendant a fair trial." (Id.) According to Petitioner, his attorney became so "distressed by the judge's comments that he instantly ceased & abandoned further & effective representation of Mr. Green, . . . . [and] asserted his incapacity to effectively represent the defendant." (Id.) The Court finds that Petitioner's allegations do not establish ineffective assistance of counsel.

22. The trial transcript reveals that Petitioner's counsel and Judge Robles discussed counsel's appearance in a divorce matter over which Judge Robles was presiding.[14] Just before noon on the second day of trial (September 21, 2000), the following exchange took place during a discussion of scheduling issues:

> <u>Judge Robles</u>:  . . . I'm going to see if I can clear off my docket for tomorrow . . . . [and] I suggest Counsel do the same.
> <u>Counsel Van Arnam</u>:  Actually, I'm scheduled to be in front of you tomorrow.
> <u>Judge Robles</u>:  Yes, sir, it's cleared off. Court's in recess.

(Trial Transcript, Vol. II at 335). Shortly after court reconvened at approximately 1:15 p.m., the

---

[14]All of these discussions occurred outside of the jury's presence.

following exchange took place:

> Counsel Van Arnam: . . . [B]efore we broke for lunch you informed me in no uncertain terms that what was set for tomorrow afternoon [regarding my divorce matter] has been vacated, that clearly troubled me - -
> Judge Robles: I didn't say that, sir, I said it was cleared.
> Counsel Van Arnam: Well, you said it in a tone, quite frankly, Your Honor . . . that merely troubled me over the lunch hour. . . . I indicated I might cross-examine [Mr. Vargas] for one to two hours, that seemed to irritate the Court . . . . because the Court sits on my divorce case, has upset me to the point to where I couldn't focus on this case during the noon hour. I don't think that's fair to Mr. Green . . . .
> Judge Robles: . . . I'm sorry that you became upset about your case, that certainly was not intended. I'd be happy to recuse. . . . [I]t was referred to the Child Support Hearing Officer to make a determination, which is why it was cleared. . . . I will recuse. . . . [T]hen you don't have to worry about me being on that particular case.
> Counsel Van Arnam: Does that remove it from the Support Hearing Officer?
> Judge Robles: It will . . . be reassigned to a Judge . . . [who] will do whatever the Judge is going to do.
> Counsel Van Arnam: Well, then the Court's continuing actions continue to affect Mr. Green's right to Counsel.
> Judge Robles: Mr. Van Arnam, what would you ask me to do, sir? You object to me staying on the case . . . and you object to me removing myself . . . what would you propose, sir?
> Counsel Van Arnam: I think what I objected to, Your Honor, was the tenor and tone that you leveled towards me. You did not inform me that it wouldn't be before Your Honor tomorrow . . . because it would be in front of Mr. Lowenhaupt.
> Judge Robles: . . . . I did not think it would be appropriate to you to air the divorce matter in front of all these folks . . . . so I stated as succinctly and concisely as I could without addressing you, personally. Would you like for me to recuse, sir?
> Counsel Van Arnam: I'm not in a clear enough frame of mind to make that decision right now, do I have to make that decision right now?
> Judge Robles: No, sir, you don't.
> Counsel Van Arnam: Right now I'd like to focus on Mr. Green's case.
> Judge Robles: That's fine.

(Trial Transcript, Vol. II at 338-40). On the third day of trial (September 22, 2000), Petitioner's

counsel moved for dismissal, and informed Judge Robles that he had been served with a subpoena

12

duces tecum at 4:36 p.m. on September 21, 2000 regarding the divorce-related hearing to be held on September 22, 2000.  (See Trial Transcript, Vol. III at 66).  The following exchange took place:

> Judge Robles:  . . . .[W]ith regard to the matter of service upon you of [a subpoena] . . . .  I can indicate to the hearing officer, . . . if there is a need to review those materials, that he can take them under advisement until the materials can be submitted . . . say, within ten days or so . . . .
>         . . . . (exchanges omitted) . . . .
> Counsel Van Arnam:  I will handle that at that hearing.  I understand - -
> Judge Robles:  I understand your concern with the case, that it is interfering with your ability to represent in this case.  I am trying to take the hindrance off you so it won't interfere . . . .
> Counsel Van Arnam:  I appreciate that, Judge. . . .  But the hindrance was placed yesterday afternoon.
> Judge Robles:  You made your record. . . . . (denies defense counsel's motion to dismiss).

(Trial Transcript, Vol. III at 69-71).

23.  Having reviewed the relevant portions of the trial transcript, this Court concludes that the state court's decision rejecting Petitioner's claim on this basis does not appear to be legally or factually unreasonable.  Petitioner does not point to any instance of sub-standard conduct resulting from counsel's distress.  Nor do Petitioner's allegations establish actual prejudice.  The Court finds that relief on the basis of Ground III should be denied.

### Recommended Disposition

The Court recommend that Petitioner's Application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. 1]** be denied and this civil proceeding be dismissed with prejudice.

Within ten (10) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to

such proposed findings and recommendations. A party must file any written objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

*Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE