**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DOUGLAS SCOTT GREEN,

       Petitioner,

v.                                                                                                    No. Civ. 03-1348 RB/RHS

PATRICK SNEDEKER, Warden, and
GARY K. KING, Attorney General for
the State of New Mexico,

       Respondents.

**MAGISTRATE JUDGE'S SUPPLEMENTAL
PROPOSED FINDINGS OF FACT AND RECOMMENDED DISPOSITION**

– PROCEDURAL HISTORY –

**THIS MATTER** originally came before the Court on the Petition for Writ of Habeas Corpus (docket no. 1) filed November 24, 2003. On March 2, 2007, the undersigned filed a Report and Recommended Disposition (docket no. 33) wherein it was recommended that the petition be denied and the matter dismissed. Objections to the Report and Recommendations were due by March 16, 2007. The Court extended the time for the filing of objections to March 23, 2007 (docket no. 35). Petitioner's objections were filed on March 26, 2007 (docket no. 36), however, the Court does not view them as late or untimely. Thereafter, on April 12, 2007, the trial court entered its Order (docket no. 37) which terminated the Report and Recommendations and appointed counsel to represent the Petitioner. Petitioner then filed a Motion for Evidentiary Hearing (docket no. 44). On March 6, 2008, the Court denied the Motion for Evidentiary

Hearing and directed the parties to expand the record (docket no. 51).[1]  Eventually, an evidentiary hearing was set for October 14, 2008 (docket no. 61) and subsequently reset for December 8, 2008.  On December 4, 2008, the Court granted the motion to expand the record and permit filing of the affidavit of the Honorable Robert E. Robles (docket no. 68).  The evidentiary hearing to consider Petitioner's claim of ineffective assistance of counsel was conducted on December 8, 2008, and a transcript of the hearing has been filed herein (docket no. 74).  The parties submitted proposed findings of fact on February 2, 2009 (docket nos. 76, 77).

– FINDINGS OF FACT and CONCLUSIONS OF LAW--

The Court, having considered all of the pleadings and the record in the above-captioned cause together with the testimony presented by the respective parties at the evidentiary hearing as well as the arguments and authorities propounded by counsel, hereby enters the following findings of fact and conclusions of law on Petitioner's claim of ineffective assistance of counsel:

1. Petitioner, Douglas Green (hereinafter referred to as "Petitioner"), was indicted in Dona Ana County, New Mexico, on one count of trafficking a controlled substance, to-wit: cocaine.

2. Petitioner and Raymond Van Arnam, Esq., had met socially through their mutual interest in Harley Davidson motorcycles.  Petitioner retained the services of Mr. Van Arnam to act as his retained counsel relative to the criminal indictment set forth above.

3. Prior to Petitioner's jury trial in September, 2000, Mr. Van Arnam heard a rumor or allegation that he (Mr. Van Arnam) had leaked information as to the identity of a confidential

---

[1] In that order, the Court directed the parties to submit the affidavits of Mr. Van Arnam and Judge Robles.

informant.  Mr. Van Arnam believes these allegations were made by the Assistant District Attorney for the Third Judicial District.

    4.  Mr. Van Arnam took affirmative action on behalf of Petitioner by asking Judge Robles to limit any reference to this allegation of leaked disclosure of identity of the confidential informant as a "cheap shot" against Mr. Green.

    5.  Mr. Van Arnam believed that Petitioner was a long line of victims of the Third Judicial District Attorney's Office.

    6.  Petitioner complains that prior to the jury trial Mr. Van Arnam did not meet with him regularly, however, Petitioner acknowledges that he had only paid Mr. Van Arnam 60% of his agreed fee and still owed Mr. Van Arnam $3,500.00.

    7.  Judge Robles (who was also the assigned judge in Mr. Van Arnam's divorce case) had scheduled a hearing in the divorce case on a Friday during the criminal trial and asked Mr. Van Arnam if he would be done with Petitioner's defense prior to the hearing or if it would overlap.  An exchange between Mr. Van Arnam and Judge Robles occurred and Judge Robles indicated that he had cleared his calendar which meant the divorce case would be continued.  Mr. Van Arnam asked Judge Robles for the opportunity to make a record to indicate that he was having trouble concentrating during a break in the criminal trial because of Judge Robles' "comments" and that he (Mr. Van Arnam) felt distracted between Petitioner's case and the divorce hearing.  Judge Robles indicated that he would gladly recuse from the divorce case if this would be of assistance.  Mr. Van Arnam then continued on with the trial without complaint.

    8.  Also during the criminal trial, Mr. Van Arnam was served with a subpoena concerning his divorce and Mr. Van Arnam felt this was an intentional action on behalf of his spouse who

worked as a manager for the District Attorney's office. This was a concern to Mr. Van Arnam but did not represent any significant distraction on behalf of Petitioner's defense.

9. Petitioner has four prior armed robbery felonies, three in Arizona and one in Tennessee, and he received a habitual offender enhancement of four years. Petitioner has a GED plus three years of college and was 44 years of age at the time of the trial.

10. Petitioner agrees that the defense presented by Mr. Van Arnam was accurate in as much as Petitioner contended that the transaction for the sale of narcotics simply did not occur. Petitioner acknowledges he was not raising an alibi defense or case of mistaken identity.

11. Petitioner agrees that Mr. Van Arnam cross-examined all state witnesses.

12. Mr. Van Arnam denies having any health or migraine issues during the course of the trial and Petitioner offers no proof to the contrary.

13. Mr. Van Arnam testified that Judge Robles was a good judge and they had always got along.

14. Mr. Van Arnam felt that Petitioner was a victim which gave Mr. Van Arnam an increased motivation to do his best as defense counsel.

15. Petitioner complains that Mr. Van Arnam's closing argument was too brief. However, Mr. Van Arnam testified that his closing argument thoroughly challenged the State's case-in-chief. Mr. Van Arnam intentionally limited his closing argument as a matter of style and to purposefully focus the jury on Petitioner's defense that the narcotics transaction did not happen. The Court finds that Petitioner did not challenge Mr. Van Arnam's testimony on this point.

16. Petitioner makes vague references to being "unlawfully abducted by the FBI" all of which were generally unresponsive to examination questions.

17. Petitioner testified that even during the summer before his trial, he was "already thinking ahead to habeas corpus."

18. In his appeal following conviction, Petitioner continued to complain that the Federal Public Defender did not contact him, just as he had complained about Mr. Van Arnam.

19. Petitioner agrees that he never advised Judge Robles on the record that there was any difficulty with Mr. Van Arnam's representation.

20. The Court finds that Petitioner's testimony is not credible and was substantially evasive and nonresponsive.

21. The Court accepts the testimony of Mr. Van Arnam and the affidavit of Judge Robles as credible.

22. Under the now familiar two-part standard for judging ineffective assistance, [a habeas petitioner] is entitled to relief if he can show by a preponderance of the evidence the following:

> (1) trial counsel was deficient, i.e., "counsel's representation fell below an objective standard of reasonableness;"
> and
> (2) the deficiency prejudiced his defense, i.e., "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); accord Sperry v. McKune, 445 F.3d 1268, 1274-75 (10th Cir. 2006).[2]

23. "There is a strong presumption that counsel's performance falls within the wide range of professional assistance[;] the defendant bears the burden of proving that counsel's

---

[2] See Strickland, 466 U.S. at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.").

representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997) (quoting Kimmelman v. Morrison, 477 U.S. 365, 381 (1986))." Boyle v. McKune, 544 F.3d 1132, 1137-38 (10th Cir. 2008) (one internal citation omitted).

24.  Petitioner fails to show that Mr. Van Arnam's representation was either deficient or that any alleged deficiency in his representation prejudiced Petitioner's defense. Accordingly, Petitioner fails to meet his burden of demonstrating ineffective assistance of counsel under either prong of the Strickland standard.

### Recommendations

**WHEREFORE**, it is hereby recommended that:  Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody (docket no. 1) be denied and this civil proceeding be dismissed with prejudice.

Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any written objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE