IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS SCOTT GREEN,

      Petitioner,

v.                                                          No. Civ. 03-1348 RB/RHS

PATRICK SNEDEKER, Warden,

      Respondent.

**ORDER AMENDING, IN PART, AND ADOPTING MAGISTRATE JUDGE'S SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

      THIS MATTER came before the Court on the Magistrate Judge's Supplemental Proposed Findings of Fact and Recommended Disposition. Petitioner filed timely objections to the Magistrate Judge's Supplemental Proposed Findings of Fact and Recommended Disposition. The Court, having made a *de novo* determination of the portions of the Magistrate Judge's Supplemental Proposed Findings and Recommended Disposition at which the objections were directed, finds that ¶ 15 and ¶ 24 of the Supplemental Proposed Findings and Recommended Disposition should be amended as follows, and that the Supplemental Proposed Findings and Recommended Disposition, as amended herein, should be adopted:

      15.     Petitioner complains that Mr. Van Arnam's closing argument was too brief. Mr. Van Arnam testified that the theory of defense was that the cocaine trafficking never happened, the confidential informant set up Petitioner, and the audiotapes contained no discussion of the sale of drugs. (Evid. Hrg. Tr. 16; 30-31.) The central issue at trial was the credibility of the prosecution witnesses. (Evid. Hrg. Tr. 9; 25.) Mr. Van Arnam did his "best to take apart [the prosecution's] case" by thorough cross-examination of each prosecution witness, (Evd. Hrg. Tr. 18; 22), the trial transcript establishes that, in his closing argument, Mr. Van Arnam asked the jury to listen to the

audiotapes and consider the state's actions in Mr. Green's case. (Trial Tr. Vol. III 157-58.) While brief, the closing argument was consistent with the theory of defense that the narcotics transaction did not happen. As such, the closing argument was not outside the realm of sound trial strategy. At the evidentiary hearing, Petitioner presented no evidence that Mr. Van Arnam's closing argument fell below an objective standard of reasonableness or any evidence tending to show a reasonable probability that a more lengthy closing argument would have altered the outcome of the case.

24. Petitioner has failed to demonstrate any prejudice arising from Mr. Van Arnam's alleged errors. *See Strickland v. Washington*, 466 U.S. 688, 692 (1984); *United States v. Williamson*, 53 F.3d 1500, 1511-12 (10th Cir. 1995) (concluding that trial counsel's strategy of conceding, during closing argument, defendant's guilt with respect to lesser drug counts, and denying involvement with the more serious conspiracy counts did not constitute ineffective assistance of counsel). In viewing the evidence against Petitioner "from counsel's perspective at the time," *Strickland*, 466 U.S. at 689, Mr. Van Arnam's strategic decision to "winnow [ ] out weaker arguments" in favor of "focusing on one central issue," was an acceptable exercise in professional judgment. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Petitioner has failed to show that Mr. Van Arnam's representation was either deficient or that any alleged deficiency in his representation prejudiced Petitioner's defense. Accordingly, Petitioner has failed to meet his burden of demonstrating ineffective assistance of counsel under either prong of the *Strickland* standard.

**IT IS HEREBY ORDERED** that Petitioner's objections to the Magistrate Judge's Supplemental Proposed Findings of Fact and Recommended Disposition are overruled.

**IT IS FURTHER ORDERED** that the Supplemental Proposed Findings and Recommended Disposition, as amended herein, are adopted by the Court.

**IT IS FURTHER ORDERED** that Petitioner's Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 by a Person in State Custody **[Doc. No. 1]** is **DENIED** and this civil proceeding is **DISMISSED** with prejudice.

**IT IS FINALLY ORDERED** that any pending motions are **DENIED** as moot.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**